UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:18-cr-98-PB |
| | ) | |
| JOSEPH FOISTNER | ) | |

## GOVERNMENT'S MOTION FOR A PROTECTIVE ORDER

The United States, by its undersigned attorneys, hereby moves for a protective order pursuant to Fed. R. Crim. P. 16(d)(1) as follows:

1. *Pro se* defendant Joseph Foistner has filed a motion for access to the grand jury transcripts in this matter. *See* Dkt. No. 89.

2. The government's disclosure of grand jury transcripts that are not otherwise governed by *Brady v. Maryland*, 373 U.S. 83 (1963) or *Giglio v. United States*, 405 U.S. 150 (1972), is not called for until seven days prior to trial pursuant to Local Rule 16.1(e) and the Jencks Act, 18 U.S.C. § 3500.

3. The government is willing to provide defendant and his stand-by counsel early access to the grand jury transcripts subject to a protective order that would prohibit him from disclosing to third parties or using them in connection with any other proceedings, and would obligate Mr. Foistner to destroy them at the conclusion of the case. The text of a proposed order is attached to this motion.

4. The government sought Mr. Foistner's assent to the requested protective order. He responded in an email on February 19, 2021 that access to the transcripts "should be expanded to allow my staff, I have two Paralegals, and my Attorneys, Frank MEANOR, Frank Corso, William Aivalikles, Tony Bernstein, Paul Petrillo, Morgan Hollis, and other Expert

Attorneys, their names unknown at this time, to work with the Grand Jury Transcripts with Exhibits. I would seek their legal opinion on issues that will certainly come up." Defendant therefore does not assent in the granting of the protective order as drafted.

5. Mr. Foistner is handling his defense in this matter *pro se* and has been appointed Attorney Guerriero as stand-by counsel. In the government's view, it would not be consistent with the criminal discovery process outlined in Rule 16, the grand jury secrecy rules codified in Fed. R. Crim. P. 6(e) and the Jencks Act for Mr. Foistner to share the transcripts as he has requested with a cadre of attorneys and individuals unaffiliated with this case. Defendant's stated desire to share the transcripts reinforces the need for the requested protective order.

WHEREFORE, the United States respectfully requests that this Court enter a protective order containing the provisions specified above. For the Court's convenience, a proposed Protective Order is enclosed with this motion.

                                                Respectfully submitted,

                                                SCOTT W. MURRAY
                                                United States Attorney

Dated: February 22, 2021                  By: /s/ Charles L. Rombeau
                                                Charles L. Rombeau
                                                Kasey Weiland
                                                Assistant United States Attorneys
                                                53 Pleasant Street, 4th Floor
                                                Concord, NH  03301
                                                (603) 225-1552

## CERTIFICATE OF SERVICE

I hereby certify that I have caused a copy of the foregoing filing to be sent via electronic mail and U.S. mail to the pro se defendant, Joseph Foistner, at 2 Daland Circle, Mont Vernon, NH 03057.

                                                /s/ Charles L. Rombeau
                                                Charles L. Rombeau
                                                Assistant U.S. Attorney